**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WILBERT RANDALL**                                                        **PETITIONER**

**VS.**                              **CASE NO. 5:07CV00122 WRW/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                        **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C.

§2254 of Wilbert Randall, an inmate in the custody of the Arkansas Department of Correction

(ADC).  In 1976, Mr. Randall was convicted of capital felony murder following a jury trial in

Jefferson County Circuit Court.  He was sentenced to life imprisonment without parole.  On direct

appeal, the petitioner's attack on the sufficiency of the evidence did not prevail before the Arkansas

Supreme Court. *Wilkerson and Randall v. State*, 1977 WL 126 (October 10, 1977) (an unpublished

opinion).  In 1981, Mr. Randall filed a Rule 37 petition in state court.  This petition was denied as

untimely.  In 1984, Mr. Randall sought relief in state court via a petition for habeas corpus.  The trial

court denied relief, and no appeal was taken.  In 2003, Mr. Randall filed another state habeas corpus

petition, alleging that scientific evidence would establish his innocence.  See Exhibit 3 to docket

entry no. 6.  On December 9, 2005, the trial court denied relief on this petition.  See Exhibit 4 to

docket entry no. 6.  On appeal, the Arkansas Supreme Court affirmed the trial court.  See Exhibit 5

to docket entry no. 6.

In the petition now before the Court the petitioner advances the following claims for relief:

1.    There is scientific evidence now available at trial that establishes petitioner's actual innocence to the offense;

2.    Petitioner was denied due process of law because the circuit court failed to serve copies of his petition on the prosecuting attorney and attorney general, in violation of Ark. Code Ann. § 16-112-203(d), and respondent failed to file a response within twenty days as required by Ark. Code Ann. § 16-112-204(a);

3.    Petitioner was denied due process of law by reason of the circuit court's summary denial of his habeas petition without resort to the determination of whether it met the requisite showing dictated by Act 1780 of 2001; and

4.    Denial of a meaningful and adequate review on appeal.

Respondent contends that the statute of limitations bars consideration of this petition. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

By earlier Order of the Court, Mr. Randall was notified that dismissal of the petition due to its untimeliness was a possibility.  Mr. Randal was directed to show cause why the petition should not be dismissed, and he has filed a responsive pleading.  (Docket entry no. 9).

Ordinarily, a petitioner, such as Mr. Randall, whose judgment became final prior to the effective date of the above statute must file his habeas corpus petition (or his section 2255 petition) by April 24, 1997, to comply with the applicable limitation period.  *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999) (*en banc*).  Mr. Randall's direct appeal and his postconviction proceedings were concluded in 1984.  As a result, the respondent contends Mr. Randall should have filed his habeas corpus petition on or before April 24, 1997.

3

We note that subsection (d)(2) of section 2244 excludes from the calculation the time during which a properly filed application for state postconviction or other collateral review is pending. In Mr. Randall's case, this subsection is of no assistance since no postconviction petitions were pending during the final year during which a timely petition could be filed, from April 25, 1996 through April 24, 1997.

In the responsive pleading filed by Mr. Randall, he argues that the limitations period should be equitably tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id.* at 391. Mr. Randall urges that the extraordinary circumstance in this case is the enactment by the Arkansas General Assembly of Act 1780 of 2001[1]. He argues that since this statute, which provides for DNA testing of evidence, was not enacted until several years after the 1996-1997 time frame for the filing of his habeas corpus case, he was without a remedy until the statute was enacted. As a result, he requests the Court deem this to be good cause for his failure to file a timely petition.

The petitioner does not cite any cases to support his argument that the enactment of the Arkansas statute should equitably toll the limitations period. He offers *Porter v. State*, 339 Ark. 15 (1999), as an analogous case. We find little assistance from the *Porter* case, which did not deal with the enactment of Act 1780 of 2001. As a result, the Court is not inclined to find the limitations period tolled by the enactment of the statute. In this instance, however, it is not necessary to decide whether the enactment of the statute tolled the limitation period. Even if we were to accept the tolling argument at face value, there remains a limitation barrier to our consideration of the merits of the petition. This barrier becomes apparent upon examination of the pertinent dates, which are summarized below:

1976   Petitioner convicted

---

[1]This statute is found at Ark. Code Ann. § 16-112-201.

1977    Conviction is affirmed on direct appeal

1981    Petitioner files a Rule 37 petition, which is denied as untimely

1984    Petitioner files a state habeas corpus petition

2001    Arkansas General Assembly passes Act 1780 of 2001, with an effective date of August 13, 2001

2003    Petitioner files a state habeas corpus petition based upon Act 1780 of 2001; this petition is filed on April 14, 2003, but dated February 6, 2003

2005    Trial court denies the state habeas corpus petition

2006    Arkansas Supreme Court affirms the trial court's decision

2007    Petitioner files his federal habeas corpus petition

Petitioner's argument is that the enactment of the statute should operate as a blanket tolling of the limitation period. The problem with that argument is that a significant amount of time elapsed after the enactment of the cited statute and before the petitioner sought relief pursuant to the act. The statute went into effect on August 13, 2001, and the petitioner did not seek relief pursuant to Act 1780 until April 14 of 2003. Thus, there is a period of twenty months[2] after the enactment of Act 1780 during which the petitioner did not have a pending state court action. We find no persuasive argument for tolling this period of time. If the mere enactment of the statute tolls the limitation period, then the limitation period becomes largely irrelevant. The better argument is that equitable tolling might apply to the time during which a petitioner was actually pursuing relief under Act 1780. The petitioner, however, did not promptly seek relief under Act 1780, and we find this petition is time barred due to this failure.[3] *Cf. Jackson v. Ault,* 452 F.3d 734 (8th Cir. 2006) (the one year

---

[2]Even if the Court were to use the date on which the petitioner signed his state court petition, February 6, 2003, rather than the April 14, 2003 date of filing, there is still a period of more than seventeen months during which no state court petition is pending.

[3]We do not address the merits of Mr. Randall's claims. It is worth noting, however, that his claim of actual innocence based on DNA testing is as follows: his clothes were taken into evidence prior to his murder trial. If these clothes were now tested, Mr. Randall contends the testing would show no blood of the victim on his clothes, thus disproving the prosecution's theory that Randall shot the victim at close range. This argument is not as strong as other

limitation period for filing a federal habeas corpus petition was not tolled when the petitioner filed his state postconviction petition more than one year after the conviction was final.  The federal limitation period "cannot be tolled after it has expired." *Id. at* 735.)

For the foregoing reasons, we find the petition for writ of habeas corpus was not timely filed, and we recommend that it be dismissed on that basis, and that the requested relief also be denied.

IT IS SO ORDERED this __27__ day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

arguments based upon DNA evidence, such as the argument that the DNA evidence would demonstrate that *someone else* committed the crime.  Also, this argument does not necessarily prove actual innocence – even if the testing results were as Mr. Randall hopes, one possible interpretation of the results is that Randall was guilty of the crime, but that the murder did not occur at close range.  Another more probable interpretation is that the clothes he desires to test may not have been the clothes worn when the crime was committed – Mr. Randall was apprehended two days after the murder.  See Exhibits 5 and 6 to docket entry no. 6.